**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER, DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **NO.  6:20CR00097 (9)** |
| **VS.** § | **JUDGES: JCB/JDL** |
| § | |
| § | |
| **GLORIA ELIZABETH AGUILAR** § | |

**ORDER**

Defendant, **GLORIA ELIZABETH AGUILAR** moves this Court for a continuance of the above entitled criminal action on the grounds of counsel needs additional time to review discovery with the defendant and to discuss new plea offer and requests a continuance for the ***plea agreement deadline of May 18, 2021* at 12:00 p.m.** in this case, the **pretrial conference set June 14, 2021 at 1:30 p.m.** and the **jury trial setting on June 15,  2021 at 9:30 a.m.,** in this Court in the Tyler Division of the Eastern District of Texas.

Counsel has conferred with the Assistant U.S.  Attorney and all co-counsel and they have no objections to this continuance.    If a continuance is not granted, the Defendant's right to due process will be violated.

Rule 18 of the Federal Rules of Criminal Procedure and the Speedy Trial Act establish that a speedy trial and the prompt administration of justice are desirable ends that weigh against a continuance.  Nevertheless, speed is neither paramount, nor the only consideration.  Many other important values may conflict with the need for speed in the trial of a criminal case.  Delay in trial that promotes the fairness of the trial and the purposes served by the trial, is delay well worth the administrative costs is may impose.  Prompt justice must be fair, or it is not truly justice.  "[A]  myopic insistence upon

expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.  Ungar v. Sarafite, 376 U.S. 575, 589 (1964); Kirkpatrick v. Blackburn, 777 F.2d 272, 278 (5th Cir. 1985), cert. denied, 476 U.S. 1178 (1986).

The ends of justice require this court to continue the above entitled criminal action, giving consideration to defense counsel's assertion that additional time is needed to review discovery and discuss plea offer with the defendant herein.   The ends of justice outweigh the best interest of the public and the Defendant in a speedy trial served by taking this action.  Title 18, United States Code, section 3161(h)(8)(A).

The Speedy Trial Act excludes from computation of the time between indictment and trial any delay resulting from the grant of a continuance, if the judge finds that the ends of justice served by granting a continuance outweigh the interest of the public and the defendant in a speedy trial.  Title 18, U.S.C., section 3161(h)(8)(A).  See, United States v. Eakes, 783 F.2d 499 (5th Cir.), cert. denied, 477 U.S. 906 (1986).  It is so found, pursuant to Title 18, U.S.C., section 3161(h)(8)(B)(iv); and in the exercise of the Court's discretion, it is found that the motion for continuance should be granted.  Accordingly, it is

**ORDERED** that the Defendants' motions for continuance should be, and are hereby **GRANTED.**   It is further,

**ORDERED** that the new dates and deadline are as follows:

**Pretrial Motions Deadline:**

**Responses to Pretrial Motions Deadline:**

**Deadline to notify Court of plea agreement:**

**Pretrial conference in Tyler, Texas:**

**Jury Selection and trial in Tyler, Texas:**

Unless clearly contradicted or amended by this Order, all previous pretrial orders entered in this matter shall remain in force and effect, including, but not limited to, those relating to such obligations, rights and requirements as discovery, disclosure, inspection, production, copying and deadlines. In the event of conflict, this Order shall control.

**It is SO ORDERED.**